```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                           AT ROANOKE, VA
                                                                FILED
```

IN THE UNITED STATES DISTRICT COURT  **APR 2 0 2005**
FOR THE WESTERN DISTRICT OF VIRGINIA  JOHN F. CORCORAN, CLERK
ROANOKE DIVISION  BY: /s/ _____
                    DEPUTY CLERK

| | |
|---|---|
| JOSEPH BOWLER, ) | |
| Plaintiff, ) | Civil Action No. 7:05-cv-00226 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| RUTH HALE, CHIEF MAGISTRATE, ) | |
| et al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |
| ) | |

Plaintiff Joseph Bowler, a Virginia inmate acting pro se, submits this civil rights complaint, pursuant to 42 U.S.C. §1983.[1] As Bowler fails to prepay the filing fee for this action, the court also construes his pleadings as seeking to proceed in forma pauperis. In this complaint, Bowler asserts that the local magistrate refused to prosecute prison guards after receiving criminal warrants Bowler filed on them and that prison guards have in the past physically assaulted him, causing him bodily harm. Upon review of the record, the court concludes that Bowler's complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

As stated, Bowler has not prepaid the $150.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3,

---

[1] Bowler states that this submission "goes with" Civil Action No. 7:05-cv-00201, which is closed. Because Bowler submits his "claims" on a new civil rights complaint form, the court will construe and file these submissions as a new civil action. However, **Bowler is hereby advised that additional information he submits related to his closed cases will be docketed as "additional evidence" in those cases and no further action will be taken regarding them.**

1

2003)(dismissed under §1915A, failure to state a claim); Bowler v. Young, 7:03-cv-00231 (W.D. Va. April 7, 2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis in this court unless he demonstrates that he is in imminent danger of physical harm related to his claims.

Bowler's allegations in his current complaint concern past incidents in which various prison officials have physically assaulted him, verbally harassed or threatened him, or destroyed his personal property during his incarceration at Wallens Ridge State Prison and at Red Onion State Prison. Past events, even those in which Bowler sustained physical injuries, and empty, verbal threats do not demonstrate that he is currently in imminent danger of suffering physical harm so as to qualify to proceed with this lawsuit without prepayment of the filing fee, pursuant to §1915(g). See, e.g., Benson v. Carlton, 134 F.3d 1267 (6th Cir. 2000)(past assault insufficient to show imminent danger of physical harm for purposes of §1915(g)). Because Bowler's allegations fail to present any imminent danger that he will suffer physical harm related to his complaints in these submissions, the court cannot find that he qualifies to proceed under §1915(g) without prepayment of the fee.

In conclusion, inasmuch as the court has not received prepayment of the filing fee for this action and as Bowler does not allege any facts in this complaint suggesting that he is in imminent danger of physical or irreparable harm related to his claims, the court will deny his request to proceed in forma pauperis under §1915(g). Moreover, the court concludes from the record that Bowler is well aware of his three strikes and the requirement that he prepay the fee or

2

otherwise satisfy §1915(g). Therefore, the court will file and dismiss this action without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 20th day of April, 2005.

*/s/ James C. Turk*
Senior United States District Judge